

**Partners**
William T. Easton
Donald M. Thompson
Lawrence L. Kasperek
Brian Shiffrin
Rhian D. Jones

**Associates**
Paul A. Meabon
Yousef N. Taha

**Office Manager**
Victoria Pellett

The Powers Building
16 West Main Street
Suite 243
Rochester, New York
14614

OFFICE    (585) 423.8290
FAX         (585) 423.0890

www.etksdefense.com

April 14, 2020

Honorable Elizabeth A. Wolford
United States District Court Judge
100 State Street
Rochester, New York 14614

Re:    *United States v. Jason Haynes*
         18-cr-6015

Dear Judge Wolford:

Please accept this letter as a reply to the government's letter response to Mr. Haynes Motion for Immediate Release pursuant to 18 U.S.C. § 3582 C (1) (A) (I) filed today.

First, attached as **Exhibit A** please find a copy of Mr. Haynes' application for Compassionate Release filed with the BOP on April 6, 2020.

Second, I have been informed by Mr. Haynes that he, along with the other inmates at Montgomery Prison Camp ("MPC"), have been on a 14 day quarantine since March 31, 2020 that expires today. This is consistent with the BOP directive that was issued on the same date, a copy of which is attached hereto as **Exhibit B**. I have also been informed that MPC has already released one inmate from quarantine, even in advance of the 14 day period, pursuant to a compassionate release order.

Regarding the jurisdiction of the Court to decide this motion, I submit that the government's "general[]" position that the Court should wait 30 days is not being pressed in this case due to the "unique circumstances" of Mr. Haynes's medical issues and scheduled release date of May 15, 2020.

If the Court finds that it needs to address the jurisdictional issue in light of the government's concession, I submit that weight of authority is growing that the Court *does* have the jurisdiction to rule on the issue immediately without waiting 30 days.

In addition to the cases submitted in my original motion, even more courts in our circuit have found that the 30 day waiver requirement is not jurisdictional including two from yesterday:

*United States v. Smith*, No. 1:12-cr-133-JFK, Dkt. No. 197 (S.D.N.Y. Apr. 13, 2020)

*United States v. Haney*, No. 1:19-cr-541-JSR, Dkt. No. 27 (S.D.N.Y. Apr. 13, 2020)

These cases are consistent with the Second Circuit's ruling in *Washington v. Barr,* 925 F.3d 109, 118 (2d Cir. 2019) that statutory exhaustion requirements are not absolute or jurisdictional in nature: "Even where [administrative] exhaustion is seemingly mandated by statute or decisional law, the requirement is not absolute." and a court may waive the exhaustion requirement "where [exhaustion] would be futile, . . . where the administrative process would be incapable of granting adequate relief . . . [or] where pursuing agency review would subject [the person seeking relief] to undue prejudice." Id. at 118–19.

In the haste of filing my original motion, I somehow neglected to include *Washington v. Barr*–a case I am well familiar with in another context.

Finally, I'd be remiss if I didn't acknowledge my appreciation of the government's prompt response and concessions.

Respectfully,

William T. Easton

cc,   Richard Resnick AUSA